Mr. Justice Richardson
delivered the opinion of the Court.
That the wife of the defendant was not naturalized, has been before decided in this case. Upon a former appeal, (2 Nott M‘Cord, 351.)
The first ground, therefore, need not be considered.
In order to understand the second ground, it is necessary to call to mind, that although Eleanor, the wife of the defendant, had never,been duly naturalized, yet she had, in pursuance of f;he act of Congress of 1802, given notice of her intention to become a citizen, and bad “ complied with the first condition specified in the first section” qf that act, as'infrbcluc'tive to her becoming a citizen; and that her husband, the defendant, had been naturalized before. ' ‘ '
It is also necessary to notice, that by the apt of Congress of 1804, (1 Brevard, 17. Ingersol's Digest, 23,) it is enacted that when an alien who shall have complied with the first section of the act of 1802, shall die, before he is actually naturalized, his widow and children shall be considered as citizens,' and shall be entitled to all rights, &c. as’ such, updn taking the oaths prescribed, &c. Under this provision of the act of 1804, if was argued, that Eleanor, having giveh notice, and • taking the preliminary oath, her husband, if an alien, would' have acquired the right óf becoming a citizen without giving notice or taking the same preliminary oath ; that is to say, that the'words, “ widow and children' of such alien,” in ay, in such cáse, meán husband, and children'. But suppose, for a moment, such were the true construction of the act of 1804, which is not the opinion of the' Court; yet it does not follow that a husband,-having so become naturalized, by' virtue of the o'ath of his wife, can inherit through such a wife, seeing that she remained still an alien to the moment' of her death. The husband would be still no more than a citizen, attemptingto claim a freehold through an alien wife, and still, the freehold having never been in *189 íhe wife, because she was always an alien* he cannot claim it through her.
The .third ground arises out of the. fact, that it appeared that a certain Adam Richards is nearer of kin to Mr.Richards, deceased, (the acknowledged freeholder,) then the plaintiff: So that if Adam Richards is a naturalized citizen, then the freehold being in him, the plaintiff ought not to have recovered.
Whether Adam Richards is a naturalized citizen, remains then to be considered. The record of the supposed naturalization of Adam Richards, is as follows, to-wit:
SOUTH-C ARQLIN A, j Pendleton district. j

To the Honorable Associate Judges of the said State :

The humble petition of Adam Richards, a native of the county of Antrim, in the kingdom of Ireland, arrived in the city of Charleston, on or about the 31st day of May, 1803. That your petitioner is attached to the principles of the Constitution of the United States of America, and is desirous of becoming a citizen thereof, your petitioner therefore prays your honors to admit him to the rights of citizenship, and, as in duty bound, will ever pray.
ADAM RICHARDS, jun.
Be it so,
E. H. Bay, - •
October 26, 1810.
We do hereby certify that we have known Adam Rick-ards since the year 1806 ; that he has resided within the jurisdiction of this state since that time. That he is of a good moral character, attached to the principles of the constitution of the United States of America, and well dis«> posed to the good order and happiness of the same.
B. W. Finley,
James Wood,
Samuel Cherry,
John Hall,
David Sloan,

Robert Brackenridgt,,

¡Pendleton, October, 18JO.
*190 I certify that I have known the petitioner for six years, and concur in the above certificate.
GeoRge Bowie.
State of South-Carolina — r Pendleton district.
Adam, Richards, being duly sworn in open court, makes, oath that he has resided in this state since the year 1803, and that he will support the constitution of the U. States, and this State, and that he doth absolutely and entirely renounce and abjure all allegiance and fidelity to every foreign prince, potentate, state, or sovereignty whatever, and particularly the king of Great-Britain and Ireland, under whose allegiance he was born,
Aoam Richards.
Sworn to, and subscribed in open court, October 26, 1810.
John T. Lewis, c. c.
The State of South-Carolina — Pendleton district.
In the Court of General Sessions, October 26, 1810.
Adam Richards, a native of the county of Antrim, in the kingdom of Ireland,-presented by-petition, praying to be admitted to the rights of citizenship in the U. States of America, under the acts of Congress, in such case made and provided; and it appearing to the court that he is properly admissible thereto under the acts aforesaid, it is ordered, that the oaths prescribed by the said acts be administered to the petitioner, which was done, and the same subscribed in open court. And the said Adam Richards is therefore declared to be duly admitted to the rights and privileges aforesaid, agreeable to the prayer of his petition.
It was argued that it does not appear from these proceedings, that Adam Richards ever complied with the first section of the act of 1802, in declaring it was his intention to become á citizen. But it does not follow that such declaration was not duly made. The act does not require that such declaration must be recorded in the court ■•'’here the alien shall have been finally naturalized, In *191 fact, the act of 1802 does not expressly require such de» claration to be recorded any where.
Again, it was argued that it did not appear that Adam Richards had made a report and registry of his name, birth-place, age, nation, &c. before the clerk of some court of record, as is expressly required by the act of 1802, (Laws U. S. vol. 6, 74.) But here it is to be observed that such registry, (which the clerk is expressly ordered to record,) need not be made in the court which finally admits the alien to become a citizen. Though it is ex-» pressly ordered that a certificate of such registry shall be exhibited to such court as evidence, (says the act) of the arrival of the alien in the United States.
Now,- the. certificate of naturalization before noticed, hnd now to be expounded, informs us-that it appeared to the court that the said Adam Richards was duly admissible to the rights of citizenship, that the oaths prescribed were administered, and the said Richards actually admitted to the rights and privileges of citizenship.
The words, “ that it appeared that the said-. Adam Richards was duly admissible to the rights of citizenship, pre-suppose that the court was satisfied :
1st. That the said .Adam Richards had, at least three years before, taken the preliminary oath required by the act of 1802.
2ndly. That he had resided five years in the U. State?, and one in this state.
3dly. That he was of good moral character,, attached to the Constitution of the United States, and well disposed to the good order and happiness of the same. All which are required by the first section of the act of 1802.
The same words pre-suppose that the said Adam Richards exhibited to the court a registry of his name, to be made by Some clerk of a court of record, as evidence of the time of the arrival of such alien in the United States, which is required by the second section of the act of 1802..
Supposing integrity and intelligence in -the court admitting the alien, we must conclude that satisfactory proofs *192 of these facts, and the qualification Of the applicant, wéf¿ duly exhibited to the court; and supposing these, the conclusion that the oaths of naturalization -were duly administered, and the said Adam Richards duly admitted' to the rights of citizenship, is irresistible.
Boxvie Es? Jf‘jDujjie<¡ for the motion.
Davis Harrison, contra.
A new trial is therefore ordered upon the third ground taken in the brief.
Justices Johnson and Huger, concurred.
Justice Colcock dissented.